## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ERIC MILLER,

       Plaintiff,

v.                                        No. 1:26-cv-00218-SCY

THIRTEENTH DISTRICT COURT OF SANDOVAL COUNTY,
JAMES A. NOEL,
MARCY BAYSINGER and
KAMIL WOODS,

       Defendants.

### ORDER TO CURE DEFICIENCY, ORDER TO SHOW CAUSE AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Original Complaint for Preliminary and Permanent Injunctive and Declaratory Relief, Doc. 1, filed January 30, 2026 ("Complaint"), and Plaintiff's Motion for Appointment of Counsel, Doc. 2, filed January 30, 2026.

**Order to Cure Deficiency**

Federal law requires that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court ... to pay a filing fee of $350 ... [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1] The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person]

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $55.00 administrative fee.

possesses that the person is unable to pay such fees or give security therefor."

28 U.S.C. § 1915(a)(1).

Plaintiff has not paid the $405.00 fee or filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). The Court orders Plaintiff to either pay the fee or file a Long Form Application.

**Order to Show Cause**

This case arises from a probate proceeding in state court. *See* Complaint at 2, 5. Plaintiff is the decedent's son. *See* Complaint at 2, ¶ 1. Defendants are: (i) the state district court; (ii) James A. Noel, the judge presiding over the probate proceeding; (iii) Kamil Woods, decedent's granddaughter who filed a petition for probate of decedent's will; and (iv) Marcy Baysinger, an attorney representing Defendant Woods in the probate proceeding. *See* Complaint at 2, 5-6. Plaintiff asserts due process and equal protection claims, claims pursuant to 42 U.S.C. § 1981(a) and 18 U.S.C. § 241, and claims pursuant to state law. Plaintiff seeks monetary damages, injunctive relief, and declaratory judgments. *See* Complaint at 34-35.

The Court has identified some deficiencies in the Complaint, described below, and orders Plaintiff to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) ("[g]iven a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause" (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a))).

First, it appears the Court lacks jurisdiction over Plaintiff's claims against the state court and state court judge due to Eleventh Amendment sovereign immunity. "Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh

Amendment." *Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015). "However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states":

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Id.* (citing *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered)); *see also Turner v. National Council of State Boards of Nursing, Inc.*, 561 F. App'x 661, 665 (10th Cir. 2014) ("[Eleventh Amendment] immunity extends to arms of the state") (citing *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013)); *Catanach v. Thomson*, 718 F. App'x 595, 597, 599-600 (10th Cir. 2017) ("Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity . . . *unless a declaratory decree was violated or declaratory relief was unavailable.*'") (emphasis added) (quoting 42 U.S.C. § 1983). In this case, there are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims against Defendants Thirteenth Judicial District Court or Judge James A. Noel.

Second, it appears that Plaintiff's claims against the state court judge in his personal capacity are barred by judicial immunity. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 F. App'x 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)). Plaintiff alleges that Judge Noel by "granting the order to appoint Defendant Kamil to be personal representative violated Plaintiff's

'Due Process' rights that is required by the U.S. and New Mexico Constitution and lost

jurisdiction over these proceedings." Complaint at 29, ¶ 79.

> [A]n act taken in excess of a court's jurisdiction is not to be confused with an act taken in the "complete absence of all jurisdiction." As *Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335, 351–52, 20 L.Ed. 646 (1871), explained,
>
>> Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.
>>
>> To illustrate this distinction, the Supreme Court has stated:
>>
>> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Stein v. Disciplinary Bd. Of Supreme Court of New Mexico*, 520 F.3d 1183, 1195 (10th Cir.

2008); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a

"judge will not be deprived of immunity because the action he took was in error, was done

maliciously, or was in excess of his authority"). There are no allegations showing that Defendant

Judge Noel did not have jurisdiction to preside over the probate proceeding.

Third, the Complaint fails to state claims for due process and equal protection pursuant to

42 U.S.C. § 1983 against Defendant Woods and her attorney Defendant Baysinger. "The two

elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor

acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir.

2016); *DiCesare v. McAnally*, 657 F. App'x 800, 802 (10th Cir. 2016) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983") (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). There are no allegations showing that Defendants Woods and Baysinger were acting under color of state law.

Fourth, the Complaint fails to state a claim pursuant to 42 U.S.C. 1981.

Section 1981 guarantees that "[a]ll persons ... shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens." § 1981(a). As relevant here, "the term 'make and enforce contracts' includes ... termination of contracts[ ] and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." § 1981(b). To prevail on a § 1981 discrimination claim, a plaintiff must show: (1) membership in a protected class; (2) the defendant intended to discriminate on the basis of race; and (3) the alleged discrimination interfered with a protected activity as defined in the statute (that is, making or enforcing a contract).

*Cruz v. Farmers Ins. Exchange*, 42 F.4th 1091, 1205, 1210 (10th Cir. 2022). There are no allegations that Plaintiff is a member of a protected class or that any of the defendants intended to discriminate on the basis of race.

Fifth, the Complaint fails to state a claim upon which relief can be granted pursuant to 18 U.S.C. § 241, Conspiracy against rights, because 18 U.S.C. § 241 is a criminal statute. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 F. App'x 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

The Court notifies Plaintiff that if the Court dismisses Plaintiff's federal law claims, the Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over

which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

The Court orders Plaintiff to show cause why the Court should not dismiss this case for the reasons stated above. If Plaintiff agrees with the Court's analysis regarding these deficiencies in his Complaint, rather than show cause, he may amend his Complaint. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis added). The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

**Order Denying Motion for Appointment of Counsel**

Plaintiff requests that the Court appoint counsel stating:

> I understand a pro se litigant has no right to be represented by court-appointed counsel, and the court has no obligation to appoint counsel. However, the court may appoint an attorney who agrees to appear in this exceptional case.

Motion to Appoint Counsel at 1.

Plaintiff correctly states that he has no right to court-appointed counsel. *See Witmer v. Grady County Jail*, 483 F. App'x 458, 462 (10th Cir. 2012). ("[C]ivil litigants have no right to counsel"). The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the

Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case,"
*Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added).
Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28
U.S.C. § 1915(e)(1). Thus, the Court not only considers the benefits of having a represented
plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve
without remuneration or compensation, as well as without assurance that he or she would have
funds available to assist in the investigation of claims, conduct formal discovery, retain experts,
pay witness fees, or otherwise defray the costs of litigation. Plaintiff has not cited, and the Court
has not found, any legal authority which would allow the Court to appoint counsel in this case.

The United States Court of Appeals for the Tenth Circuit has addressed the issue raised
by Plaintiff's statement that the Court may appoint an attorney who agrees to appear in certain
cases:

> We start with the scope of the district court's authority: The court cannot appoint
> counsel; instead, the court can only ask an attorney to take the case. *Rachel v.
> Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016). In deciding whether the district
> court acted within its discretion, "we consider the merits of the claims, the nature
> of the claims, [the claimant's] ability to present the claims, and the complexity of
> the issues." *Id.* at 397.

> The district court considered these factors and declined to request legal
> representation for Mr. Moaz. This decision was reasonable:

>> Each year, the district court receives hundreds of requests for legal
>> representation and only a small number of attorneys are available
>> to accept these requests. Accordingly, the district court must use
>> discretion in deciding which cases warrant a request for counsel.
>> To do otherwise would deprive clearly deserving litigants of an
>> opportunity to obtain legal representation. The dilemma is
>> unfortunate for litigants like [Mr. Moaz]. But the dilemma was not
>> the district court's fault; that dilemma was the product of the
>> court's lack of authority to compel legal representation or to
>> reimburse attorneys for their time.

> *Id.* at 397.

7

*Moaz v. Denver International Airport*, 747 F. App'x 708, 711 (10th Cir. 2018).

The Court denies Plaintiff's motion to appoint counsel because the Court does not have the authority to require appointment of counsel. The Court declines to request legal representation for Plaintiff. It appears the Complaint should be dismissed based on the deficiencies identified above. It also appears that Plaintiff is sufficiently able to present his claims which do not involve complex legal issues. Plaintiff's Complaint shows that he can do legal research, identify the relevant legal standards and clearly present his arguments to the Court. The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or

8

comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff shall, within 21 days of entry of this Order, either pay the $405.00 fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely pay the $405.00 fee or file a Long Form

Application, *and* follow all instructions in the Long Form Application, may result in dismissal of this case.

(ii)    The Clerk shall send to Plaintiff, together with a copy of this Order, an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."

(iii)    Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case or (b) file an amended complaint. Failure to timely show cause or file an amended complaint may result in dismissal of this case.

(iv)    Plaintiff's Motion for Appointment of Counsel, Doc. 2, filed January 30, 2026, is **DENIED.**

**UNITED STATES MAGISTRATE JUDGE**