**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ERIC MILLER,

       Plaintiff,

v.                                No. 1:26-cv-00218-KWR-SCY

THIRTEENTH DISTRICT COURT OF SANDOVAL COUNTY,
JAMES A. NOEL,
MARCY BAYSINGER and
KAMIL WOODS,

       Defendants.

**<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>**

This case arises from a probate proceeding in state court. *See* Original Complaint for Preliminary and Permanent Injunctive and Declaratory Relief at 2, 5, Doc. 1, filed January 30, 2026 ("Complaint"). Plaintiff is the decedent's son. *See* Complaint at 2, ¶ 1. Defendants are: (i) the state district court; (ii) James A. Noel, the judge presiding over the probate proceeding; (iii) Kamil Woods, decedent's granddaughter who filed a petition for probate of decedent's will; and (iv) Marcy Baysinger, an attorney representing Defendant Woods in the probate proceeding. *See* Complaint at 2, 5-6. Plaintiff asserted due process and equal protection claims, claims pursuant to 42 U.S.C. § 1981(a) and 18 U.S.C. § 241, and claims pursuant to state law. Plaintiff sought monetary damages, injunctive relief, and declaratory judgments. *See* Complaint at 34-35.

United States Magistrate Judge Steven C. Yarbrough notified *pro se* Plaintiff of some deficiencies in the Complaint and ordered Plaintiff to either show cause why the Court should not dismiss this case or file an amended complaint. *See* Order to Show Cause at 2-6, Doc. 5, filed February 3, 2026.

Plaintiff filed a Second Amended Complaint on February 5, 2026. *See* Doc. 8. The Second Amended Complaint asserts procedural due process and equal protection claims pursuant to the Fourteenth Amendment of the United States Constitution and claims pursuant to state law, and seeks monetary damages and injunctive and declaratory relief. *See* Second Amended Complaint at 21, 24, 27, 30, 33. Plaintiff did not file a separate response to the Order to Show Cause explaining why the Court should not dismiss his case. Plaintiff also voluntarily dismissed his claims against Defendant Thirteenth District Court without prejudice. *See* Notice of Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(i), Doc. 12, filed February 19, 2026.

**Defendant Judge Noel**

Judge Yarbrough notified Plaintiff that:

it appears the Court lacks jurisdiction over Plaintiff's claims against the state court and state court judge due to Eleventh Amendment sovereign immunity. "Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment." *Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015). "However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states":

First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Id.* (citing *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered)); *see also Turner v. National Council of State Boards of Nursing, Inc.*, 561 F. App'x 661, 665 (10th Cir. 2014) ("[Eleventh Amendment] immunity extends to arms of the state") (citing *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013)); *Catanach v. Thomson*, 718 F. App'x 595, 597, 599-600 (10th Cir. 2017) ("Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity . . . *unless a declaratory decree was violated or declaratory relief was unavailable.*'") (emphasis added) (quoting 42 U.S.C. § 1983). In this case, there are no factual allegations showing that any of the three exceptions to the Eleventh

Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims against Defendants Thirteenth Judicial District Court or Judge James A. Noel.

Order to Show Cause at 2-3.

The Court dismisses Plaintiff's claims against Defendant Judge Noel in his official capacity because there are no allegations in the Second Amended Complaint showing that the State of New Mexico consented to suit in this Court, that Congress abrogated the State's sovereign immunity or that a declaratory decree was violated or declaratory relief was unavailable.

Judge Yarbrough also notified Plaintiff:

it appears that Plaintiff's claims against the state court judge in his personal capacity are barred by judicial immunity. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 F. App'x 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)). Plaintiff alleges that Judge Noel by "granting the order to appoint Defendant Kamil to be personal representative violated Plaintiff's 'Due Process' rights that is required by the U.S. and New Mexico Constitution and lost jurisdiction over these proceedings." Complaint at 29, ¶ 79.

[A]n act taken in excess of a court's jurisdiction is not to be confused with an act taken in the "complete absence of all jurisdiction." As *Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335, 351–52, 20 L.Ed. 646 (1871), explained,

Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

To illustrate this distinction, the Supreme Court has stated:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Stein v. Disciplinary Bd. Of Supreme Court of New Mexico*, 520 F.3d 1183, 1195 (10th Cir. 2008); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). There are no allegations showing that Defendant Judge Noel did not have jurisdiction to preside over the probate proceeding.

Order to Show Cause at 3-4.

The Court dismisses Plaintiff's claims against Defendant Judge Noel in his individual capacity because there are no allegations in the Second Amended Complaint showing that Judge Noel did not have jurisdiction to preside over the probate proceedings.

**Defendants Woods and Baysinger**

Judge Yarbrough notified Plaintiff that:

the Complaint fails to state claims for due process and equal protection pursuant to 42 U.S.C. § 1983 against Defendant Woods and her attorney Defendant Baysinger. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016); *DiCesare v. McAnally*, 657 Fed.Appx. 800, 802 (10th Cir. 2016) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983") (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). There are no allegations showing that Defendants Woods and Baysinger were acting under color of state law.

Order to Show Cause at 4-5.

The Court dismisses Plaintiff's civil rights claims pursuant to 42 U.S.C. § 1983 against Defendants Woods and Baysinger because there are no allegations in the Second Amended Complaint showing that Defendants Woods and Baysinger were acting under color of state law.

The Court, having dismissed Plaintiff's federal law claims against Defendants Woods and Baysinger, declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

    /S/ KEA W. RIGGS\
**UNITED STATES DISTRICT JUDGE**